UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE ADAMS,

    Petitioner,

v.                                  Case No. 10-C-0011

MICHAEL THURMER,

    Respondent.

**ORDER**

On January 8, 2010, the petitioner, Willie Adams ("Adams"), filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. According to his petition and attachments thereto, on March 28, 2006, Adams was convicted in Milwaukee County Circuit Court of first-degree reckless homicide, while armed, in violation of Wis. Stat. §§ 940.02(1) and 939.63, and was sentenced to thirty-five years imprisonment, comprised of twenty-five years of initial confinement and ten years of extended supervision.

On October 25, 2007, Adams filed a motion for a new trial, which the Milwaukee County Circuit Court denied on November 1, 2007. In a decision dated November 4, 2008, the Wisconsin Court of Appeals affirmed Adams's judgment of conviction and the circuit court's denial of postconviction relief. Adams then filed a petition for review with the Wisconsin Supreme Court, which petition was denied on January 13, 2009. Accordingly, Adams now petitions this court for relief.

Accompanying his habeas petition was a petition and affidavit to proceed in forma pauperis together with a copy of his prison trust account statement, a motion to stay proceedings, and a motion for a certificate of appeal. The court will address these motions in turn.

Title 28 U.S.C. § 1915(a)(1) provides, in pertinent part, that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor." To be sure, to be allowed to proceed in forma pauperis it is not necessary that a person be destitute. But, when the affidavit submitted by the person seeking to be allowed to proceed in forma pauperis clearly reveals that he has the financial ability to pay the cost of commencing the action, denial of the petition to proceed in forma pauperis is appropriate.

In his in forma pauperis petition, Adams avers that he is currently an inmate at the Waupun Correctional Institution. His prison trust account activity statement indicates that, as of January 7, 2010, Adams had no monies in his regular prison account and $42.50 in his release account. Adams further avers that he has no other cash, checking, savings, or other similar accounts. It appears from Adams's application that he earns $4.00 bi-weekly. Given the foregoing, I am satisfied that Adams is financially unable to pay the filing fee in this action. Thus, his petition to proceed in forma pauperis will be granted.

I next turn to Adams's motion to stay his habeas proceedings so that he can file a Wis. Stat. § 974.06 motion "to preserve unexhausted meritorious claims." (Mot. at 2.) Title 28 U.S.C. § 2254(b)(1) provides as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>   (B) (i) there is an absence of available State corrective process; or
>       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

2

A claim is considered exhausted only if the petitioner has provided the state courts with a full and fair opportunity to review his claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This generally requires appealing state court decisions all the way to the state supreme court. *See O'Sullivan*, 526 U.S. at 847.

Previously, "mixed" petitions, i.e., those containing both exhausted and unexhausted claims, had to be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, in 2005, the Supreme Court recognized that "as a result of the interplay between AEDPA's 1-year statue of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 275 (2005). Rather than dismissing a mixed petition under *Lundy*, the Court held that a district court can stay the petition and hold it in abeyance while the petitioner exhausts the unexhausted claims. *Id.* at 276-77. However, the Court cautioned that stay and abeyance is available only in limited circumstances. *Id.* at 277.

To obtain a stay of a mixed petition, the petitioner must show that there was "good cause" for failing to exhaust his claims in state court and that the claims are not "plainly meritless." *See id.*; *see also Arrieta v. Battaglia*, 461 F.3d 861, 866 (7th Cir. 2006). Concerned with AEDPA's goal of finality, the Court also instructed that stay and abeyance is appropriate only when there is no indication that the petitioner engaged in intentionally dilatory tactics. *Rhines*, 544 U.S. at 277. Accordingly, "district courts should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278.

Applying *Rhines* to Adams's motion to stay, I find that a stay and abeyance of his habeas petition is not warranted because he has not presented good cause, let alone any cause, for failing to exhaust his specified claims in state court. Thus, this action will proceed with only the exhausted claims unless Adams indicates that he would prefer dismissal of the entire petition without prejudice in order to fairly present his unexhausted claims in state court.

Under 28 U.S.C. § 2253(c), a district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court of appeals has held that this standard differs only in scope from the certificate of probable cause standard that was previously developed and applied by the courts. *See Herrera v. United States*, 96 F.3d 1010, 1012 (7th Cir. 1996). The *Herrera* court stated that "a certificate of probable cause places the *case* before the court of appeals, but a certificate of appealability must identify each *issue* meeting the 'substantial showing' standard." *Id*. (emphasis added). Thus, for the court to issue a certificate of appealability to Adams, it must identify for the court of appeals the issues that are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (emphasis added) (quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980)).

With respect to Adams's unexhausted claims, Adams's motion for a certificate of appealability will be denied because these claims are deleted from his habeas petition. With respect to Adams's exhausted claims, it is not necessary, at this juncture, to decide whether a certificate of appealability should issue because this case has not been brought to resolution yet. Thus, Adams's motion for a certificate of appealability pursuant to 28 U.S.C. § 2253(c) will be denied at this time, but will be addressed upon a decision and order with respect to the issues he asserts in his habeas petition.

4

There is one final matter to address.  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states as follows:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

I cannot say that it plainly appears from Adams's filings that he is not entitled to relief in the district court.  Therefore, the respondent will be ordered to file an answer and the briefing schedule, which is set forth below, will thereafter govern the processing of Adams's petition.

**NOW THEREFORE IT IS ORDERED** that Adams's petition to proceed in forma pauperis be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that Adams's motion for a stay and abeyance of this federal habeas corpus petition be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that Adams's motion for a certificate of appealability be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that on or before April 30, 2010 the respondent shall file an answer to the petitioner's federal habeas corpus petition;

**IT IS FURTHER ORDERED** that on or before May 28, 2010, the respondent shall file his brief in opposition to the claims set forth in the petition[1];

---

[1] The reason that the petitioner is not ordered to file a brief after the respondent answers the petition is because the petitioner already filed his brief in support of his habeas petition.

5

**IT IS FURTHER ORDERED** that on or before June 30, 2010, the petitioner shall file his reply brief.

**SO ORDERED** this 24th day of February 2010 at Milwaukee, Wisconsin.

                                          **BY THE COURT**:

                                          s/ William E. Callahan, Jr.
                                          WILLIAM E. CALLAHAN, JR.
                                          United States Magistrate Judge