UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE ADAMS,

       Petitioner,

v.                                                                Case No. 10-C-0011

MICHAEL THURMER,

       Respondent.

**ORDER**

On January 8, 2010, the petitioner, Willie Adams ("Adams"), filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Accompanying his habeas petition was a motion to stay proceedings, which this court denied on February 24, 2010 for a failure to show good cause for not having exhausted certain claims. On March 8, 2010, Adams filed a motion to reconsider the denial to stay all habeas proceedings, pursuant to Fed. R. Civ. P. 59(e). According to Rule 59(e), a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.[1]

In support of his motion for reconsideration, Adams argues that his postconviction counsel failed to present the unexhausted claims in state court. Adams also submitted documentation reflecting his attempts to urge postconviction counsel to raise the unexhausted claims in state court. Such argument and corresponding documentation were absent from his original motion to stay proceedings.

As stated in this court's previous decision, to obtain a stay of a mixed petition, the petitioner must show that there was "good cause" for failing to exhaust his claims in state court and that the claims are not "plainly meritless." *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *see also Arrieta v. Battaglia*, 461 F.3d 861, 866 (7th Cir. 2006). Concerned with AEDPA's goal of finality, the Court

---

[1] Adams's motion for reconsideration was timely filed.

also instructed that stay and abeyance is appropriate only when there is no indication that the petitioner engaged in intentionally dilatory tactics. *Rhines*, 544 U.S. at 277. Accordingly, "district courts should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278.

Grounds for a Rule 59(e) motion include newly discovered evidence, an intervening change in the controlling law, or a manifest error of law or fact. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). However, in light of the circumstances and the petitioner's pro se status, I find that good cause exists for Adams's failure to exhaust all of his habeas claims. Furthermore, Adams's claims are not plainly meritless, and there is no indication that Adams intentionally delayed the litigation of his petition. Therefore, his request to stay his petition and hold it in abeyance so that he might file a Wis. Stat. § 974.06 motion is granted with the following time limits. Adams must re-file his Wis. Stat. § 974.06 motion, if he has not done so already, <u>within 60 days of the date of this Order</u>. Further, Adams must also ask this court to lift the stay <u>no later than 30 days</u> after the conclusion of the final state court action with respect to his unexhausted claims.

**NOW THEREFORE IT IS ORDERED** that Adams's motion for reconsideration be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that further action on Adams's federal habeas corpus petition be and hereby is **STAYED** pending further order of the court;

**IT IS FURTHER ORDERED** that Adams must present his unexhausted claims in state court <u>within 60 days of the date of this Order</u>, and he must ask this court to lift the stay <u>no later than 30 days</u> after the conclusion of the final state court action with respect to his unexhausted claims;

The Clerk of Court is instructed to submit a JS-6 form to the Administrative Office closing the case for statistical purposes;

Nothing in this order shall be considered a dismissal or disposition of this action; this action shall be reopened upon Adams's request to lift the stay within 30 days of the final state court action with respect to his unexhausted claims; and

The Clerk of Court is directed to serve a copy of Adams's petition and supporting submissions, this court's February 24, 2010 Order, and this Order upon Michael Thurmer ("Thurmer") and the Attorney General of Wisconsin.

Adams is notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with this court to Thurmer or Thurmer's attorney. Adams should also retain a personal copy of each document. If Adams does not have access to a photocopy machine, Adams may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents that do not indicate that a copy has been sent to Thurmer or Thurmer's attorney.

**SO ORDERED** this 30th day of March 2010 at Milwaukee, Wisconsin.

**BY THE COURT**:

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge